**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**DAMEON M. HALE, Individually and**                    **PLAINTIFF**
**For All Other Similarly Situated Employees**

**v.**                                                                             **No. 3:25-cv-00076-MPM-RP**

**K.T.G. USA, INC.,**                                                          **DEFENDANTS**
**ROBERT L RUTH JR d/b/a RBT TRANSPORTATION, and**
**ROBERT L. RUTH, JR., Individually**

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff/Counter-Defendant Dameon M. Hale's ("Hale") Motion to Dismiss counterclaim for failure to state a claim or, in the alternative, for lack of subject matter jurisdiction [15]. Defendants/Counter-Plaintiffs Robert L. Ruth, Jr. d/b/a RBT Transportation and Robert L. Ruth, Jr., individually ("Ruth") oppose the motion [25]. The Court, having reviewed the record and carefully considered the applicable law, is now prepared to rule.

**RELEVANT BACKGROUND**

This action stems from an alleged failure to pay owed overtime wages pursuant to the Federal Fair Labor Standards Act ("FLSA"). Hale was hired by Ruth, a trucking company, to work in some capacity in K.T.G. USA, Inc.'s ("KTG") shipping yard.

Hale worked between 60 to 80 hours a week as an employee in the shipping yard from April 2023 to November 2024. Hale was not paid overtime wages for the hours he worked in excess of a 40-hour work week. Hale sued his alleged employers for allegedly underpaying him as required under 29 U.S.C. § 207(a)(1) of the FLSA. Hale's Complaint [1] named both Ruth and KTG as his employers and defendants in his FLSA action.

1

In response, Ruth filed an Answer and counterclaim [8] alleging that Hale is liable for wrongly suing KTG in an FLSA action as an employer. Ruth's counterclaim [8] against Hale is for the state law torts of negligent infliction of emotional distress and intentional interference with contractual or business relations due to Hale filing the FLSA action against KTG specifically, which Ruth alleges caused him to experience severe emotional distress and risk losing his business relationship with KTG.

Hale now moves to dismiss Ruth's counterclaims [8] asserting a failure to state a claim upon which relief can be granted or in the alternative a lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

## STANDARD OF REVIEW

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack" prior to any other attack. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). A Rule 12(b)(1) motion "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Id.* If the court determines that it "lacks the statutory or constitutional power to adjudicate the case," then the court may properly dismiss the claim. *Home Builders Assn'n v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The court may base its consideration on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming*, 561 F.2d at 161 (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

In dealing with a Rule 12(b)(1) motion, the court must first determine whether the motion is a facial or factual attack. A "facial attack" is one premised solely on the complaint and requires the court "merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In contrast, a "factual attack … challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings," and matters outside the pleadings, such as testimony and affidavits, are considered. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Whether the attack is facial or factual, the party asserting jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161.

Federal Rule of Civil Procedure 13 defines a compulsory counterclaim as "any claim that— at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). A permissive counterclaim is any counterclaim in a pleading "that is not compulsory." Fed. R. Civ. P. 13(b).

Supplemental jurisdiction exists over compulsory counterclaims under 28 U.S.C. § 1367(a). *See Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 451 (5th Cir. 2022). As for permissive counterclaims, supplemental jurisdiction may still apply under 28 U.S.C. § 1367(a). 13D *Federal Practice and Procedure* § 3567.1 (3d ed.); see *Naranjo v. Nick's Mgmt., Inc.*, No. 3:21-CV-2883, 2022 WL 3139755, at *2 (N.D. Tex. Aug. 5, 2022) (collecting district-court cases and noting "Fifth Circuit has not yet weighed in" on supplemental jurisdiction over permissive counterclaims). Regardless of the type of counterclaim raised, under § 1367(c), a court may decline to exercise supplemental jurisdiction over any counterclaim if it meets one of the given criteria,

which are when: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

## ANALYSIS

Ruth argues that his counterclaims of intentional interference with contractual or business relations and negligent infliction of emotional distress are compulsory because they arise out of the same transaction and occurrence as the original claim as there is a logical relation between the original claim and his counterclaims. [25]. Ruth further argues that as a result, the Court should exercise jurisdiction over the counterclaims.

In the present case, the Court finds that Hale's motion to dismiss Ruth's counterclaims is a facial attack because Hale relies solely on Ruth's countercomplaint to support its Rule 12(b)(1) motion. Having reviewed the complaint, the Court finds that Ruth failed to raise a counterclaim against Hale that is not barred by Fifth Circuit precedent over FLSA matters. Ruth is an employer in an FLSA case that raises counterclaims based merely on the alleged tortious conduct of Hale caused by Hale having filed the FLSA lawsuit against Ruth and K.T.G.

Having reviewed the relevant authorities, the Court concludes that, even if it could assert supplemental jurisdiction over Ruth's counterclaims, it should decline to exercise such jurisdiction under 28 U.S.C. § 1367(c)(4). In so concluding, the Court notes that the Fifth Circuit has held that counterclaims by an employer that would function as "set-offs against back pay awards," such as

those raised by Ruth, are inappropriate in an FLSA action. *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)).

In the Fifth Circuit, "courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010) (footnote omitted) (citing *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974)). Under *Heard*, "set-offs and counterclaims are inappropriate in any case brought to enforce the FLSA's minimum wage and overtime provisions." *Id.* at 741. That rule applies to counterclaims seeking "money the employer claims the employee owes it" or "damages the employee's tortious conduct allegedly caused." *Id.* at 740. A narrow exception to this counterclaim bar is when the set-off is one that acknowledges that the defendant "already paid the bulk of is overtime obligations." *Id.* At 742 (citing *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1043 (5th Cir.2010)). Outside of this narrow exception, the Fifth Circuit "continue[s] to look with disfavor on set-offs" by employers against employees in FLSA actions. *Id.*

The Fifth Circuit treats this bar to counterclaims in an FLSA action created in the *Heard* decision as a bright-line rule with a narrow exception. *Martin*, 628 F.3d at 742. The Fifth Circuit has found this bar supports the policy of the FLSA as it noted "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Id.* at 741 (citing *Brennan v. Heard*, 491 F.2d 1, 2 (5th Cir. 1974). This robust treatment of the bar to FLSA counterclaims allows it to qualify as an exceptional circumstance supporting a decision to decline to "exercise jurisdiction

5

over counterclaims pursuant to § 1367(c)." *Naranjo v. Nick's Mgmt., Inc.*, No. 3:21-CV-2883, 2022 WL 3139755, at *4 (N.D. Tex. Aug. 5, 2022).

Here, Ruth alleges that his counterclaims are for separate damages arising out of Hale filing suit against K.T.G. and do not serve as set-offs for Hale's FLSA claim. Even if that were the case, this distinction is sufficient to remove Ruth's counterclaims from the narrow exception to *Heard's* bar of counterclaims in an FLSA action and places his counterclaims within the class of employer counterclaims consistently rejected in FLSA litigation. And in his response in opposition [25], Ruth provides no case law to support his proposition that the *Heard* case should not apply to bar his counterclaims.

As a result, the Court can and will decline to exercise supplemental jurisdiction over the counterclaims raised in Ruth's Answer [8], due to the binding precedent which encourages courts to be hesitant in permitting employer counterclaims in FLSA suits. Further analysis of the counter complaint's failure to state a claim is unnecessary. Ruth's counter complaint must be dismissed.

## CONCLUSION

**ACCORDINGLY**, Dameon M. Hale's Motion to Dismiss the countercomplaint [15] is **GRANTED** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**SO ORDERED** this 14th day of August, 2025.

    /s/Michael P. Mills
    UNITED STATES DISTRICT JUDGE
    NORTHERN DISTRICT OF MISSISSIPPI