**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**DAMEON M. HALE, et al.**                                                    **PLAINTIFFS**

**v.**                                              **CIVIL ACTION NO.: 3:25-CV-076-RPC-RP**

**K.T.G. USA, INC., et al.**                                                 **DEFENDANTS**

**MEMORANDUM OPINION**

This action was filed by Plaintiff, Dameon M. Hale ("Hale"), on March 14, 2025, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA), and seeks to recover unpaid overtime wages and other related damages allegedly owed to him and other workers similarly situated. Plaintiff brings this action as a collective action under 29 U.S.C. § 216(b). Before the Court is Plaintiff's [43] Motion for Certification of Collective Action pursuant to 29 U.S.C. § 216(b). For the reasons stated herein, the [43] Motion is hereby **GRANTED**.

### *Factual Background*

Plaintiff alleges that, from approximately April of 2023 to November of 2024, he worked as a "yard driver" for Defendants at a shipping yard located in Southaven, Mississippi. [1] ¶ 17. As a yard driver, Hale's primary duties were to "organize tractor trailers within the space of the yard and to ensure that semi-trailer truckers and trailers were in a position for unloading, loading, and transport[.]" *Id.* ¶ 18. Despite working "eighty (80) hours per week up to seven (7) days per week," Plaintiff alleges that "Defendants willfully failed to pay Mr. Hale and similarly situated employees at least one-half times their regular rate of pay for hours worked beyond forty (40) hours in a workweek[.]" *Id.* ¶ 21. Plaintiff contends that he is owed in excess of $60,000.00 in unpaid overtime wages and seeks related liquidated and punitive damages. *Id.* ¶ 22.

1

Plaintiff's [43] Motion requests that the Court: (1) find that Plaintiff and the proposed collective are similarly situated within the meaning of 29 U.S.C. § 216(b); (2) certify the collective; (3) authorize the issuance of notice to the collective members in a form approved by the Court; (4) direct Defendants to provide the names, addresses, email addresses, telephone numbers, and social security numbers of all proposed collective members; and (5) grant such further relief as the Court deems appropriate.

### *Legal Standard*

The FLSA requires employers to pay overtime wages to employees who work more than 40 hours per week, unless an exemption applies. 29 U.S.C. § 207(a). An employee not paid such wages may bring an action for himself and "any other employees similarly situated" who join or "opt-in" to the case by providing written consent. 29 U.S.C. § 216(b). "A collective action allows FLSA plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged unlawful activity." *Loy v. Rehab Synergies, L.L.C.*, 71 F.4th 329, 336 (5th Cir. 2023) (internal citations omitted). To determine whether a group of employees is similarly situated, the Court "must consider whether merits questions can be answered collectively." *Id.* at 337 (citation omitted). "The Plaintiff bears the burden of showing that he and other prospective plaintiffs are similarly situated." *Jackson v. Miss. Behav. Health Servs., LLC*, 2026 U.S. Dist. LEXIS 48857, at *7 (S.D. Miss. Mar. 10, 2026) (citation omitted).

As for the notice sent to similarly situated and/or opted-in plaintiffs, the district court is tasked with determining what form the court-approved notice must take and its contents. *See Harris v. Hinds Cnty.*, 2014 U.S. Dist. LEXIS 14176, at *24 (S.D. Miss. Feb. 4, 2014) (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171, 110 S. Ct. 482, 107 L. Ed. 2d 480

2

(1989)). No proposed notice has been provided to the Court in this case. "A Plaintiff is typically allowed to use his preferred language in drafting the notice[,] but the Court must intervene to address a defendant's concerns where there are objections." *Jackson*, 2026 U.S. Dist. LEXIS 48857, at \*9 (citing *Burke v. Mgmt. & Training Corp.*, 2017 U.S. Dist. LEXIS 115586 (N.D. Miss. July 25, 2017)).

### *Discussion*

Defendants do not oppose certification at this stage of the litigation but argue that only "conditional certification" is appropriate with the possibility of later "decertification." [48] at 4 ("Accordingly, Plaintiff's request that certification of the following collective action should be granted, subject to Defendants' right to decertify, if needed, after formal discovery is had."). This argument relies on the now-rejected two-step framework derived from *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

As explained by the Southern District of Mississippi, "the Fifth Circuit [has] abandoned the two-step method" found in *Lusardi. Boswell v. St. Dominic Health Servs., Inc.*, 2024 U.S. Dist. LEXIS 180347, at \*6 (S.D. Miss. Oct. 2, 2024) (citing *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021)); *see also Jackson*, 2026 U.S. Dist. LEXIS 48857, at \*7 (S.D. Miss. Mar. 10, 2026).

The Fifth Circuit in *Swales* specifically stated that "*Lusardi* has no anchor in the FLSA's text or in Supreme Court precedent interpreting it…[w]e therefore reject *Lusardi's* two-step certification rubric." *Swales*, 985 F.3d at 434. Instead, "courts in the Fifth Circuit must now 'rigorously scrutinize the realm of similarly situated workers…from the outset of the case' to determine whether the requested opt-in notice will go to those who are actually similarly situated to the named plaintiffs." *Jackson*, 2026 U.S. Dist. LEXIS 48857, at \*7 (quoting *Swales*, 985 F.3d

3

at 434). "If assessing liability would require 'a highly individualized inquiry into each potential opt-in's circumstances,' the proposed collective is not similarly situated, and certification must be denied." *Id.* (citation omitted). For this reason, the Court declines to apply a "conditional certification" but instead must only determine whether the proposed collective is similarly situated.

"The bottom line is that the district court has broad litigation management discretion cabined by the FLSA's similarly situated requirement." *Loy v. Rehab Synergies, L.L.C.*, 71 F.4th 329, 337 (5th Cir. 2023) (internal quotation marks omitted) (quoting *Swales*, 985 F.3d at 443). Consistent with this principle, this Court entered its [31] Case Management Order establishing that "preliminary discovery will be limited to information relevant to whether the subject employees are 'similarly situated.'" [31] at 1-2. The Court ordered that "[a]ny motion to declare substantial similarity and approve notice must be filed by February 13, 2026." *Id.* at 3. Plaintiff complied with this order and filed the instant [43] Motion for Certification on February 13, 2026.

Hale seeks certification of the following collective group of employees:

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF ROBERT L. RUTH, JR. D/B/A RBT TRANSPORTATION WHO PERFORMED YARD OPERATIONS, INCLUDING MOVING, POSITIONING, STAGING, OR SHUNTING TRAILERS OR EQUIPMENT WITHIN THE SOUTHAVEN, MISSISSIPPI OR MEMPHIS, TENNESSEE LOCATIONS AT ANY TIME FROM MARCH 14, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER.

[44] at 7.

Defendants do not meaningfully dispute the [43] Motion's assertion that the proposed group of employees are "similarly situated." In any event, this Court finds that the proposed group is similarly situated. The Court further finds that Plaintiff has demonstrated "a factual nexus that binds the claims together so that hearing all the claims in one proceeding is fair to all parties and not beset with individual inquiries." *Klick v. Cenikor Found.*, 94 F.4th 362, 372 (5th Cir. 2024).

4

Though *Lusardi* is no longer binding, the Fifth Circuit has reasoned that the factors outlined in the case may still be useful in determining whether employees are similarly situated. *Loy*, 71 F.4th at 336-37. These factors include (1) the factual and employment settings of the prospective plaintiffs[1]; (2) the various defenses available to the defendant and if any defenses are individualized rather than applying to the prospective plaintiffs as a whole; and (3) fairness and procedural considerations. *Id*. at 336. The use of these factors is not necessarily mandatory because "there is no one-size-fits-all analysis or mechanical test to apply." *Id*. at 337.

First, "[p]otential class members are considered similarly situated…if they are similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Harris v. Hinds Cnty.*, 2014 U.S. Dist. LEXIS 14176, at *17 (S.D. Miss. Feb. 4, 2014) (internal citations omitted). The proposed collective includes hourly yard employees performing specific tasks at specific locations.

Second, Defendants have applied the Motor Carrier Act exemption categorically to yard-based operational employees, which presents a common legal defense appropriate for collective resolution.

Third, fairness and procedural considerations favor certification. To evaluate these considerations, the Court "must consider the primary objectives of a collective action" to "lower costs to the plaintiff through pooling of resources" and "to limit the controversy to one proceeding which efficiently resolves common issues of law and fact that arose from the same alleged activity." *Boswell v. St. Dominic Health Servs., Inc.*, 2024 U.S. Dist. LEXIS 180347, at *19-20

---

[1] "Potential class members are considered similarly situated to the named plaintiff[s] if they are similarly situated in terms of job requirements and similarly situated in terms or payment provisions." *Jackson*, 2026 U.S. Dist. LEXIS 48857, at *12 (citation omitted).

(S.D. Miss. Oct. 2, 2024) (citation omitted). Here, the primary objectives of the proposed collective are best served in a single proceeding and derive from the same alleged activity.

For the foregoing reasons, the Court finds that Plaintiff has satisfied his burden of demonstrating that the proposed collective members are similarly situated within the meaning of 29 U.S.C. § 216(b) and certifies Plaintiff's proposed collective as requested.

### *Plaintiff's Remaining Requests*

Plaintiff's Motion also requests that the Court order the Defendants to provide the names, addresses, email addresses, telephone numbers, and social security numbers of all proposed collective members. [43] at 3. Defendants assert that Plaintiff "is already in possession of the names and addresses of the employees that Plaintiff seeks[.]" [48] at 3. Defendants do not object to the production of any additional information.

The Court finds that, to the extent Plaintiff does not already possess the names and addresses of potential opt-in plaintiffs, Defendants are directed to provide such information in accordance with the guidelines set forth below. Additionally, because Defendants do not object to the disclosure of potential opt-in plaintiffs' telephone numbers and email addresses, Defendants are further ordered to produce that information.

Plaintiff also seeks the social security numbers of all proposed collective members. Mississippi courts have previously approved the limited disclosure of social security numbers in certain circumstances, such as where a defendant is required to produce only the last four digits for individuals whose mailed notice is returned as undeliverable or where other methods of contact prove insufficient. *See e.g., **Harris v. Hinds Cnty.**,* 2014 U.S. Dist. LEXIS 14176 (S.D. Miss. Feb. 4, 2014); ***Brown v. Phenix Transp. West, Inc.**,* 2016 U.S. Dist. LEXIS 90113 (S.D. Miss. Mar. 13, 2016); ***Santinac v. Worldwide Lab. Support of Ill., Inc.**,* 107 F. Supp. 3d 610, 617 (S.D. Miss.

6

2015); ***Brooks v. Illusions, Inc.***, 2016 U.S. Dist. LEXIS 158679 (S.D. Miss. Nov. 16, 2016); ***Jackson***, 2026 U.S. Dist. LEXIS 48857 (S.D. Miss. Mar. 10, 2026); ***Birdie v. Brandi's Hope Cmty. Servs., LLC***, 2017 U.S. Dist. LEXIS 91330 (S.D. Miss. June 14, 2017).

Consistent with this authority, Plaintiff's request for potential opt-in plaintiffs' social security numbers is granted in part. Specifically, Plaintiff may request only the last four digits of the social security numbers for those individuals whose mailed notice is returned as undeliverable and for whom other reasonable efforts to provide notice have proven unsuccessful. If Plaintiff is unable to locate members of the prospective class using the information provided, he may file a motion with the Court to compel the release of the last four digits of such individuals' social security numbers.

Within fourteen (14) days of the date of this Order, on or before April 29, 2026, Defendants shall provide to Plaintiff—to the extent such information has not already been produced—the names, addresses, email addresses, and telephone numbers of all members of the prospective class in usable electronic form. The information produced pursuant to this Order shall be used solely for the purpose of facilitating notice to potential opt-in plaintiffs and shall not be used for any other purpose.

Additionally, no proposed notice or consent form for dissemination to potential opt-in plaintiffs has been submitted to the Court for consideration at this time. Accordingly, the parties are further ordered to meet and confer regarding the proposed notice and consent forms to be used in this action, as well as the applicable timelines and opt-in period, and to submit those materials to the Court within twenty-eight (28) days of the entry of this Order, on or before May 13, 2026.[2]

---

[2] "The FLSA requires that notice to potential plaintiffs be 'accurate and timely,' giving potential class members the chance to make informed decisions about whether to participate. District courts enjoy broad discretion in determining the form and content of court-approved notice." ***Birdie***, 2017 U.S. Dist. LEXIS 91330, at * 11 (S.D. Miss. Jun. 14, 2017) (citations omitted).

7

If the parties are unable to agree, and Defendants object to Plaintiff's proposed notice and consent forms, they shall submit competing proposals for the Court's consideration.[3] Following approval of the notice and consent forms, the Court will set deadlines governing dissemination of notice and the opt-in period.

### *Conclusion*

For the reasons stated herein, Plaintiff's [43] Motion for Certification of Collective Action is hereby **GRANTED**. The Court finds that Plaintiff and the proposed collective members are similarly situated within the meaning of 29 U.S.C. § 216(b), and the following collective is hereby CERTIFIED:

> ALL CURRENT AND FORMER HOURLY EMPLOYEES OF ROBERT L. RUTH, JR. D/B/A RBT TRANSPORTATION WHO PERFORMED YARD OPERATIONS, INCLUDING MOVING, POSITIONING, STAGING, OR SHUNTING TRAILERS OR EQUIPMENT WITHIN THE SOUTHAVEN, MISSISSIPPI OR MEMPHIS, TENNESSEE LOCATIONS AT ANY TIME FROM MARCH 14, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER.

Defendants are further **ORDERED** to produce the contact information of putative collective members consistent with this Opinion. Plaintiff's request for social security numbers is **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

The parties are **ORDERED** to meet and confer and submit a proposed notice and consent form within twenty-eight (28) days of the entry of this Order. Following approval of the notice and consent forms, the Court will establish deadlines governing dissemination of notice and the opt-in period and will take into consideration the parties' preferences regarding such deadlines.

A separate Order consistent with this Memorandum Opinion shall issue.

---

[3] "The general rule is that absent reasonable objections to plaintiffs' proposed class notice, the plaintiffs should be allowed to use the language of their choice in drafting notice." ***Birdie***, 2017 U.S. Dist. LEXIS 91330, at \*11-12 (S.D. Miss. Jun. 14, 2017) (citations omitted).

9

**SO ORDERED**, this the 15th day of April, 2026.

_____
UNITED STATES DISTRICT JUDGE