**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**DAMEON M. HALE, et al.**                                               **PLAINTIFFS**

**v.**                                                **CIVIL ACTION NO.: 3:25-CV-76-RPC-RP**

**K.T.G. USA, INC., et al.**                                            **DEFENDANTS**

**ORDER**

Before the Court is Plaintiff Dameon M. Hale's [52] Motion for Approval of Notice of Collective Action and Consent Form.[1] On April 15, 2026, the Court granted Plaintiff's [43] Motion for Certification of Collective Action pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). *See* [Doc. 51]. In that Order, the Court directed Defendants to provide the names, addresses, email addresses, and telephone numbers of all members of the prospective class in usable electronic form. The Court further ordered the parties to meet and confer regarding the proposed notice and consent forms to be used in this action, as well as the applicable timelines and opt-in period, and to submit such materials to the Court for approval. Plaintiff now seeks approval of the proposed notice materials and related procedures.

At this stage, the Court is tasked with determining what form the proposed notice must take and its contents. *Hale v. K.T.G. USA, Inc.*, 3:25-CV-076-RPC-RP, 2026 U.S. Dist. LEXIS 82537, at *4-5 (N.D. Miss. Apr. 15, 2026) (citations omitted). Although a plaintiff is generally permitted to draft the notice using his or her preferred language, the Court must address any objections raised by defendants. *Id.* Courts have determined that "no further specificity is required in a proposed notice beyond clearly stating the allegation that the Defendants' overtime policy violates the FLSA." *Jackson v. Miss. Behav. Servs., LLC*, No. 3:22-cv-697-CWR-LGI, 2026 U.S. Dist.

---

[1] Dameon Hale brings this action and motion individually and for all other similarly situated employees.

1

LEXIS 48857, at *9 (S.D. Miss. Mar. 10, 2026) (citation and quotation marks omitted). Courts have a duty to oversee the notice process to "ensure that it is timely, accurate, and informative." *Birdie v. Brandi's Hope Cmty. Servs., LLC*, No. 5:17-cv-21-DCB-MTP, 2017 U.S. Dist. LEXIS 91330, at *11 (S.D. Miss. June 14, 2017) (citation omitted).

## I.        Plaintiff's Requests

Plaintiff requests that the Court enter an Order:

(a) Approving Plaintiff's proposed Notice of Collective Action Lawsuit (**Exhibit A**);

(b) Approving Plaintiff's proposed Consent to Join Form (**Exhibit B**);

(c) Approving Plaintiff's proposed Email Notice (**Exhibit C**);

(d) Approving Plaintiff's proposed Text Message Notice (**Exhibit D**);

(e) Authorizing Plaintiff to disseminate notice by first-class U.S. Mail, email, and text message;

(f) Authorizing Plaintiff to use an online Consent to Join form containing the same substantive language as the Court-approved written Consent to Join form;

(g) Authorizing potential collective members to complete and sign the Consent to Join form electronically;[2]

(h) Approving a sixty-day opt-in period beginning on the date notice is first disseminated;

(i) Approving the proposed timelines set forth herein;

(j) Requiring Defendants to supplement the contact information previously produced or confirm in writing that the previously produced information is complete, accurate, and current, and to produce any email addresses in their possession, custody, or control, including email addresses obtained from current employees on a rolling basis;

---

[2] "Courts routinely allow potential class members to opt in to FLSA collective actions with electronic signature." *Macias v. Catapult Painting, LLC*, 2020 WL 6253589, at *6 (S.D. Tex. Oct. 22, 2020) (collecting cases).

(k) Authorizing Plaintiff to send one reminder notice by mail, email, and/or text message twenty-one days before the opt-in deadline to those potential collective members who have not returned a Consent to Join form;[3] and

(l) Permitting Plaintiff to request the last four digits of Social Security numbers only for individuals whose mailed notice is returned as undeliverable and for whom other reasonable efforts to provide notice have proven unsuccessful.

[Doc. 52 at 9].

Additionally, Plaintiff proposes a sixty-day opt-in period beginning on the date the proposed Notice is first mailed, emailed, and texted to potential collective members. Plaintiff requests the approval of the following timeline:

1. Within seven (7) days of the Court's approval of the Notice and Consent forms, Defendants shall either supplement, in usable electronic form, the names, last known mailing addresses, email addresses, telephone numbers, and dates of employment for all members of the certified collective, or confirm in writing that the information previously produced is complete, accurate, and up to date. Any supplementation shall include information not previously produced, information necessary to correct or complete any prior production, and any updated contact information known to Defendants. To the extent Defendants do not possess email addresses for certain collective members, Defendants shall so state in writing and shall produce any email addresses currently in their possession, custody, or control, together with any additional email addresses obtained from current employees on a rolling basis within five (5) days of receipt.

2. Within fourteen (14) days of receiving complete contact information, Plaintiff shall disseminate the Court-approved Notice and Consent to Join form by first-class U.S. Mail, email, and text message.

3. The sixty-day opt-in period shall begin on the date the Notice is first disseminated.

4. Consent to Join forms must be submitted electronically, returned by email or fax, received by mail, or postmarked by the end of the sixty-day opt-in period. Plaintiff shall file timely received Consent to Join forms with the Court.

---

[3] Courts have held that reminder notices help "ensure that those potential plaintiffs, who read the original notice but forget about it in the hustle and bustle of daily life, are reminded at least once about their opportunity to join the lawsuit." *Jackson*, 2026 U.S. Dist. LEXIS 48857, at *9 (citing ***Norman v. Neighborhood Healthcare Providers, PLLC***, No. 2:19-cv-170-KS-MTP, 202 U.S. Dist. LEXIS 149589, 2020 WL 4873848, at *4 (S.D. Miss. Aug. 19, 2020)).

5.      Plaintiff may send a reminder via mail, email, and/or text message twenty-one days before the end of the opt-in period.

6.      Plaintiff may request the last four digits of a potential collective member's Social Security number only if mailed notice is returned as undeliverable and other reasonable efforts to provide notice have proven unsuccessful, consistent with the Court's prior ruling. Defendants shall provide such information within seven (7) days of Plaintiff's request.

[Doc. 52 at 7-8].

## II.      Defendants' Objection

Defendants state that they do not object to the proposed notices, consent forms, or opt-in deadlines, provided that Plaintiffs appeared for the settlement conference, which was scheduled for June 9, 2026. [Doc. 53 at 3]. The Court entered a Text Notice on May 29, 2026, cancelling the settlement conference at the request of the parties. *See* [Doc. 54]. The Honorable Magistrate Judge Roy Percy also held a status conference with both parties' counsel present on June 2, 2026. *See* [Doc. 55]; [Doc. 56]. The minutes from the status conference reflect that following the Court's approval of the Notice and Consent Forms and the setting of deadlines, the parties will contact Judge Percy to request a settlement conference. *Id.* Accordingly, because Defendants raise no substantive objection to Plaintiff's proposals, they should be granted as written, except as explained below.[4]

The Defendants' sole objection concerns the Plaintiff's request that the Court require Defendants to supplement contact information previously produced and to produce any email addresses in their possession, including email addresses obtained from current employees on a

---

[4] Defendants' response is clear that "Defendants want to proceed with the settlement conference[.]" [Doc. 53 at 4]. The response also proves that "given the proximity of the settlement conference…Defendants want to proceed with the settlement conference, notwithstanding the sixty (60) day opt in period." *Id.* Considering the settlement conference was cancelled "at the request" of the parties *after* the filing of Defendants' response, the Court assumes that Defendants no longer stand by the assertion that Plaintiff's requests be granted conditionally only upon Plaintiff's participation in the settlement conference.

rolling basis. Defendants assert that on September 17, 2025, Defendants produced Rule 26(a)(1) disclosures providing addresses and phone numbers for every employee from March 14, 2022. [Doc. 53 at 2]. Defendants also provide that they do not require employees to provide their personal email addresses but, to satisfy the Court's [51] Order, gathered and produced to Plaintiff every email address of current and former employees that it could gather in Defendants' custody or control. *Id.* at 2-3. Defendants also state that Plaintiff may contact Defendants who will be readily available to provide them with any information at their disposal. *Id.* at 4.

Plaintiff argues that Defendants' prior Rule 26(a)(1) disclosures "are not likely to be complete, accurate, or current." [Doc. 52 at 2]. For this reason, Plaintiff requests that Defendants "be required to supplement the previously produced contact information with current employee contact information" and "produce any email addresses in their possession, custody, or control, including any email addresses obtained from current employees on a rolling basis." *Id.*

Based on Defendants' representations, the Court finds that Defendants have already produced the contact information sought by Plaintiff to the extent such information exists within their possession, custody, or control. Defendants specifically represent that, in an effort to comply with the Court's [51] Order, they "gathered and produced to Plaintiffs *every email address of current or former employees that it could gather* in the Defendants' custody or control." [Doc. 53 at 2-3]; *see also* **Exhibit C**. Plaintiff filed no reply challenging that representation and has offered no evidence that Defendants failed to produce contact information currently within their possession, custody, or control. Defendants further provide that, to the extent Plaintiff needs additional contact information of former or current employees, they may contact Defendants' counsel, which will make "every effort to provide Plaintiffs with any information at Defendants' disposal to assist them." *Id*. at 4. Moreover, even if Plaintiff believes he is not in possession of all

5

the email addresses he needs, he still has other available means of contacting prospective collective members, including text message and U.S. mail.

The Court finds that, to the extent Defendants have already produced all contact information within their possession, custody, or control, no further supplementation is required. Accordingly, the Court declines to order an additional production of contact information. However, Defendants remain obligated under Fed. R. Civ. P. 26(e) to supplement their disclosures and discovery responses as required by the Rule. Moreover, Defendants shall reasonably cooperate with any requests from Plaintiff concerning missing or incorrect information already contemplated by the Court's [51] Order.

Because the Court declines to require supplementation, it must also address Plaintiff's proposed notice schedule. The motion proposes that, within seven (7) days of the Court's approval of the Notice materials, the Defendants shall be required to supplement previously disclosed information as explained above. [Doc. 52 at 7]. The proposed timeline also requests that, within fourteen (14) days of receiving such information, Plaintiff shall then disseminate the Court-approved Notice and Consent to Join Forms. Plaintiff's proposal does not establish a fixed date by which notice must be disseminated.

As discussed above, Defendants assert that they have already complied with Plaintiff's requests and certified in their [53] Response that the information provided complied with the requests and the Court's [51] Order. In the absence of any contrary showing by Plaintiff, the Court finds that further supplementation or written confirmation by way of Order of the Court is unnecessary. For this reason, the Court denies Plaintiff's proposed timeline to the extent it seeks to delay sending the Notice Forms until receiving supplemented information from the Defendants. However, as explained in the Defendants' [53] Response, Plaintiff may nevertheless request

additional information from Defendants, who have represented that they will provide such information within their possession, custody, or control. Moreover, Defendants are under a duty to continually supplement disclosures pursuant to Fed. R. Civ. P. 26(e).

Therefore, within twenty-one (21) days of the entry of this Order, on Monday, July 6, 2026, Plaintiff shall disseminate the Court-approved Notice and Consent to Join Form by mail, email, and text message. The opt-in period for putative collective members shall expire 60 days thereafter on Friday, September 4, 2026.[5]

Having reviewed Plaintiff's proposed Notice and related material and finding no objection other than that addressed above, the Court concludes that such materials are sufficiently accurate and informative to advise the putative class of its rights with respect to the pending litigation. The Court therefore approves the proposed materials as set forth below.

## III.    Conclusion

Having considered the parties' submissions and for the reasons set forth above, the Court orders as follows:

(1)      Plaintiffs' [52] Motion for Approval of Notice of Collective and Consent Form is **GRANTED IN PART AND DENIED IN PART**;

(2)      Plaintiffs' proposed Notice of Collective Action Lawsuit (**Exhibit A**), proposed Consent to Join Form (**Exhibit B**), proposed Email Notice (**Exhibit C**), and proposed Text Message Notice (**Exhibit D**) are hereby approved.

(3)      The Court authorizes Plaintiff to disseminate notice by mail, email, and text message;

---

[5] Plaintiff is authorized to send a reminder notice twenty-one (21) days before the expiration of the opt-in deadline consistent with this Order's instructions below.

(4)     The Court authorizes the use of an online consent form containing the same language as the Court-approved written Consent to Join Form and corresponding use of electronic signatures;

(5)     Plaintiffs' proposed sixty (60) day opt-in period is approved and accepted and shall begin on July 6, 2026, and end on September 4, 2026.

(6)     The Court authorizes a reminder notice to be sent to potential opt-ins who have not returned a Consent to Join Form by mail, email, and/or text message twenty-one (21) days before the expiration of the opt-in period;

(7)     Consistent with the Court's previous [51] Order, the Court authorizes Plaintiffs to request the last four digits of Social Security numbers only for individuals whose mailed notice is returned as undeliverable AND for whom other reasonable efforts to provide notice have proven unsuccessful;

(8)     The Court **DENIES** Plaintiffs' request to require Defendants to supplement the contact information previously produced as explained herein;

(9)     The Court **DENIES** Plaintiff's proposed timeline. Plaintiff may request additional information from the Defendants and, to the extent such information is within Defendants' possession, custody, or control, Defendants shall reasonably cooperate in providing it. Plaintiff shall disseminate the Court-approved Notice and Consent materials by email, text message, and U.S. mail beginning on July 6, 2026.

SO ORDERED, this the 15th day of June, 2026.

_____
UNITED STATES DISTRICT JUDGE

8